UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| FABIAN RODRIGUEZ,<br><br>        Plaintiff,<br>v.<br><br>JOSHUA CLARK, JOHNATHAN JOHN,<br>and KEITH EDELE,<br><br>        Defendants. | Civil Action No.<br>No. 3:16-cv-390 (CSH)<br><br>MAY 31, 2017 |

**RULING ON DEFENDANTS' MOTION FOR ORDER TO COMPEL PLAINTIFF'S DEPOSITION AND/OR FOR A NONSUIT OR DISMISSAL [DOC. 33]**

### I. INTRODUCTION

Plaintiff Fabian Rodriguez brings this civil rights action, pursuant to 42 U.S.C. § 1983, against three police officers in the Willimantic Police Department (herein collectively "Defendants") in their individual capacities.[1] Defendants now move the Court for an order to compel Plaintiff's deposition or, in the alternative, to dismiss his action.

The Court briefly summarizes the facts as follows. Plaintiff alleges that the officers, while acting under color of state law, "mistakenly believed that [he] was involved in some sort of illegal drug operation" and exercised "unreasonable force in violation of [his] rights under the Fourth Amendment." Doc. 1, ¶¶ 7- 8. Specifically, Plaintiff alleges that the three police officers acted jointly and in concert to subject Plaintiff "to a vicious and brutal beating, striking him about the face

---

[1] The Court takes judicial notice that Willimantic is a borough with a population of approximately 17,737, located in the town of Windham in Windham County, Connecticut. *See* https://windhamct.com and http://www.city-data.com/city/Willimantic-Connecticut.html (accessed 5/18/2017).

and head with weapons and fists repeatedly and causing him to suffer severe trauma particularly to the nasal and left orbital area of his head and face." *Id.*, ¶ 7. Plaintiff asserts that his alleged injuries required him to "undergo extensive medical treatment, severe pain, and emotional distress." *Id.* Plaintiff prays for compensatory damages, punitive damages, attorneys' fees, and costs. *Id.*, at 3.

## II. DISCUSSION

### A. Pending Motion

Pending before the Court is Defendants' motion, pursuant to Federal Civil Rule 37 and Local Civil Rule 37, for an order to compel Plaintiff Fabian Rodriguez to appear for a deposition on or before June 15, 2017. *See* Doc. 33. In the alternative, Defendants request a nonsuit or order dismissing the matter. *Id.* In support of their motion, in compliance with both Federal Rule 37(a) and Local Rule 37(a), Defendants assert that "counsel have made good faith efforts to resolve the issued raised by this motion" but "plaintiff has repeatedly failed and/or refused to appear for a deposition pursuant to Federal Rule of Civil Procedure 30(a)(1)."[2] *Id.*

Summarizing the relevant facts, Defendants state that Plaintiff has alleged in his Complaint that on March 13, 2013, Defendants subjected him to "unreasonable force in violation of his Fourth Amendment rights." Doc. 33-1 (Defendants' Memorandum) (citing Doc. 1 ("Complaint"), ¶ 8). Defendants' counsel, Attorney James N. Tallberg, seeks to depose Plaintiff to determine the facts upon which Plaintiff relies to assert his claim. Tallberg has testified by affidavit that after consulting

---

[2] Rule 37(a)(1), Fed. R. Civ. P., states, in pertinent part:

> On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

with Plaintiff's counsel on October 26, 2016, he noticed Plaintiff's deposition for November 29, 2016.[3] *See* Doc. 33-2 (Affidavit of Defendants' Counsel, James N. Tallberg), ¶¶ 3-5. Plaintiff's counsel "confirmed receipt of the notice of deposition on October 26, 2016." *Id.*, ¶ 5.

On November 22, 2016, Tallberg agreed to "reschedule [P]laintiff's deposition at the request of [his] counsel due to a scheduling conflict." *Id.*, ¶ 6. The next day, on November 23, the Chambers of Magistrate Judge Sarah A. L. Merriam reached out to the parties to "gauge interest in scheduling a settlement conference." Doc. 33-1, at 2. Having received positive responses from counsel, on November 28, 2016, Magistrate Judge Merriam scheduled a settlement conference for February 16, 2017. Doc. 33-2, at ¶ 7; *see also* Doc. 21 & 22 ("Notice" and "Order" with instructions for 2/16/2017 settlement conference).

Prior to the scheduled settlement conference, on January 3, 2017, Tallberg contacted Plaintiff's counsel regarding "overdue discovery responses," Doc. 33-2, ¶ 8; and three days later, on January 5, 2017, Plaintiff's counsel informed Tallberg that "he was having difficulty locating his client," *id.*, ¶ 9. On January 9, 2017, Tallberg received the Plaintiff's "overdue discovery responses." *Id.*, ¶ 10. On January 13, 2017, Tallberg's office "coordinated with [P]laintiff's counsel to reschedule the [P]laintiff's deposition." *Id.*, at ¶ 11. On January 17, 2017, Magistrate Judge Merriam's Chambers "continued the mediation until March 29, 2017[,] so that counsel could coordinate and conduct the [P]laintiff's depostion." *Id.,* ¶ 12; *see also* Doc. 23 ("Order," dated 1/17/2017). On January 19, 2017, Tallberg re-noticed Plaintiff's deposition for March 10, 2017, "pursuant to the

---

[3] The Court notes from the case docket that Attorney John R. Williams represents Plaintiff in this action. According to Defendants' counsel Tallberg, on October 26, 2016, "[P]laintiff's counsel responded that he would be available for the [P]laintiff's deposition on November 23 and 29, 2016." Doc. 33-2, ¶¶ 3-4.

availability of [P]laintiff's counsel." Doc. 33-2, ¶ 13. Plaintiff's counsel confirmed receipt of the re-noticed deposition on January 19, 2017. *Id.*

Tallberg further testified in his affidavit that Plaintiff's counsel informed him on March 8, 2017, that "his client had gone missing and that he was unable to locate him in anticipation of the March 10, 2017 deposition." *Id.*, ¶ 14. Therefore, on March 10, 2017, Tallberg filed a motion to continue the settlement conference for 60 days in order to allow him to depose the Plaintiff before the conference. Doc. 28 ("Motion for Continuance," dated 3/10/2017); *see also* Doc. 33-2, ¶ 15. On March 13, 2017, Magistrate Judge Merriam granted the motion and rescheduled the conference for July 7, 2017. Doc. 30 ("Order," dated 3/13/2017).

In an effort to depose Plaintiff prior to the rescheduled July 7 date of the conference, on April 11, 2017, Tallberg "coordinated with [P]laintiff's counsel and re-noticed the [P]laintiff's deposition for May 2, 2017," which Plaintiff's counsel "pre-clear[ed]." Doc. 33-2, ¶¶ 17-18. Nonetheless, on May 1, 2017, Plaintiff's counsel informed Tallberg that once again "he could not locate his client and would be unable to produce him at the deposition." *Id.*, ¶ 18.

Since May 1, 2017, Defendants' counsel, Tallberg, has "attempted to work with [P]laintiff's counsel on multiple occasions" to attempt to schedule and conduct the Plaintiff's deposition. *Id.*, ¶ 19. These efforts have been unsuccessful. *Id.* Absent the opportunity to depose the Plaintiff, Defendants assert that they will be unable to participate in meaningful settlement discussions at the scheduled conference on July 7, 2017. *Id.*, ¶ 20. Because Plaintiff has failed to make himself available to be deposed, Defendants request that the Court order Plaintiff to submit to a deposition on or before June 15, 2017, or dismiss the action pursuant to Rule 37(d), Fed. R. Civ. P. This Ruling resolves that motion.

4

B.     **Deposition Testimony under Rules 26, 30, 37, & 45, Fed. R. Civ. P.**

   1.     **Parties' Right to Obtain Discovery through Deposition Testimony**

As its caption suggests, Rule 26, Fed. R. Civ. P., sets forth the "general provisions governing discovery" in federal actions. Pursuant to Rule 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Such discovery takes into consideration "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Moreover, "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." *Id.*

Given that language, it is well-established in federal litigation that the scope of discovery is broad. A party may conduct discovery to obtain evidence which is "relevant" to the claims and defenses in a pending action, where "relevant" means evidence with "any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action," Fed. R. Evid. 401(a)-(b). Such discovery includes the taking of oral depositions of the parties to the litigation, including by stipulation or with court approval. *See* Fed. R. Civ. P. 26(b)(1), 30(a)(1), (2).[4]

---

   [4] Rule 30(a)(2) lists limited circumstances under which a party must obtain leave of court to take a deposition. For example, leave must be sought if the parties have not stipulated to the deposition *and* (1) the deposition would result in more than 10 depositions being taken, (2) the deponent has already been deposed in the case, (3) the parties have not yet conferred under Rule 26(f), or (4) the deponent is confined in prison. Fed. R. Civ. P. 30(a)(2)(A) - (B). None of these conditions applies in this case.

In particular, with respect to "depositions by oral examination," Rule 30 provides that "[a] party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2)." *Id.* 30(a). The deponent's attendance may also be compelled by subpoena under Rule 45. That Rule specifies, in pertinent part, that "[e]very subpoena must . . . command each person to whom it is directed to do the following at a specified time and place: attend and testify . . . ." *Id.* 45(a)(1)(A)(iii).

If, however, the parties have not stipulated to a particular deposition, and one or more of the conditions listed in Rule 30(a) apply, the party seeking to take the deposition must obtain leave of court. Fed. R. Civ. P. 30(a)(2). Such leave must be given consistent with the provisions of Rule 26 (b)(1) and (2), which describe the general scope and limits of discovery.

### 2. Sanctions for Failure to Appear for Deposition

Pursuant to Federal Civil Rule 37, a court may award various sanctions if a party fails to appear for his or her deposition "after being served with proper notice." Fed. R. Civ. P. 37(d)(1)(A)(i). To award sanctions upon such a recalcitrant party under Rule 37(d)(3), the conduct at issue need not "rise rise to the level of bad faith warranting sanctions under [the] Court's inherent power." *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 298 F.R.D. 145, 149 (S.D.N.Y. 2014) (citation omitted). Rather, it is sufficient to warrant sanctions if the Plaintiff has improperly refused to appear for his deposition and caused the opposing party to incur unnecessary expenses. *Id*. Moreover, "the court *must* require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3) (emphasis added). Furthermore, "[a] failure described in Rule 37(d)(1)(A) is not excused

on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." *Id.* 37(d)(2).

3. **Plaintiff's Repeated Failure to Be Available And/Or Appear for His Deposition**

In the case at bar, despite receiving multiple notices to appear for his deposition (on November 29, 2016; March 10, 2017; and May 2, 2017), Plaintiff has failed to make himself available to be deposed. Rather, according to the sworn testimony of Defendants' counsel, Plaintiff's counsel has informed him that Plaintiff has "gone missing" and been "unable [for his counsel] to locate." Doc. 33-2, ¶¶ 9, 14. Plaintiff has made no objections to any of the notices of his deposition. Rather, he has simply made himself unavailable to be deposed. A plaintiff has the duty to be available to the Court for purposes of prosecuting his claim. If he is "missing" so that discovery may not proceed, he may be deemed to have failed to prosecute his action. A district court has discretion to dismiss an action involuntarily for failure to prosecute under Rule 41(b), Fed. R. Civ. P. *See, e.g.*, *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962); *Alvarez v. Simmons Mkt. Research Bureau*, 839 F.2d 930, 932 (2d Cir. 1988).

As Rule 41(b) provides, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Moreover, "[u]nless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule – except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits." *Id.*

The dismissal of an action under Rule 41(b) has been deemed proper where missing plaintiffs have "delayed the progress of th[eir] case by causing both defendants and plaintiffs' counsel . . . to expend a considerable amount of time trying to resolve the issues pertaining to their absence."

7

*Bernabe v. Giant Big Apple Beer LTD.*, No. 06-CV-6708(ARR)(KAM), 2007 WL 4573873, at *6 (E.D.N.Y. Dec. 26, 2007). *See also, e.g.*, *Antonio v. Beckford*, No. 05-CV-2225, 2006 WL 2819598, at *2-5 (S.D.N.Y. Sept. 29, 2006) (dismissing action pursuant to Rule 41(b) for failure to prosecute where plaintiff failed to respond to court order for over four months (and/or counsel's attempts to communicate with her) and was informed by the court that further delay would result in dismissal); *Bhalla v. JP Morgan Chase & Co.*, No. 03-CV-6051, 2005 WL 1027523, at *2 (E.D.N.Y. April 26, 2005) (dismissing case for failure to prosecute pursuant to Rule 41(b) where plaintiff was missing for approximately eight months and failed to attend two conferences).

"The primary rationale underlying a dismissal under 41(b) is the failure of plaintiff in his duty to process his case diligently." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir.1982) (citing *Messenger v. United States*, 231 F.2d 328, 331 (2d Cir.1956)). The duty to prosecute is imposed to further "the strong policy favoring prompt disposition of cases." *Id.* "Prejudice to defendants resulting from unreasonable delay may be presumed." *Id.* (citation omitted).

Nonetheless, because dismissal is a drastic sanction, it should not be utilized "without a careful weighing of its appropriateness." *Dodson v. Runyon*, 86 F.3d 37, 39 (2d Cir. 1996). Relevant factors for consideration include: (1) the duration of the plaintiff's failures; (2) whether he/she received notice that further delays would result in dismissal; (3) whether the defendants will likely be prejudiced by further delay; (4) a balancing of the need to alleviate court calendar congestion with a party's right to due process and a fair chance to be heard; and (5) an adequate assessment of the efficacy of lesser sanctions. *Jackson v. City of New York*, 22 F.3d 71, 74 (2d Cir.1994). *See also*, *e.g, U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004); *Martens v. Thomann*, 273 F.3d 159, 180 (2d Cir. 2001).

Moreover, involuntary dismissal is "one of the harshest sanctions at a trial court's disposal, since it usually extinguishes the plaintiff's cause of action and denies plaintiff his day in court" so that " it is reserved for use only in the most extreme circumstances." *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d at 251. *See also, e.g., Lucas v. Miles*, 84 F.3d 532, 535-36 (2d Cir.1996) ("There must be compelling evidence of an extreme effect on court congestion before a litigant's right to be heard is subrogated to the convenience of the court.").

In the case at bar, Defendants have made multiple attempts to arrange Plaintiff's deposition for approximately six months. According to Defendants' counsel's sworn affidavit testimony, due to Plaintiff's unknown location, Plaintiff's noticed deposition has been canceled three times and has been impossible to schedule "on multiple occasions" since May 1, 2017. Doc. 33-2, ¶ 19. The Second Circuit has characterized a delay of six months as significant. *See, e.g., Chira v. Lockheed Aircraft Corp.,* 634 F.2d 664, 666-68 (2d Cir.1980) (affirming Rule 41(b) dismissal where Plaintiff's refusal to comply with discovery caused six-month delay). In addition, Plaintiff has, through his counsel, repeatedly received notice that he must appear for his deposition. Absent a court order, there is no indication that Plaintiff will comply with any future notices of his deposition. Plaintiff's failure to comply with the past notices leaves Defendants unable to conduct the necessary discovery to discern the facts supporting Plaintiff's claim. Expeditious resolution of the Defendants' motion to compel appears to be essential in order to afford Defendants the needed discovery to participate in the scheduled settlement conference before Magistrate Judge Merriam on July 7, 2017.

As of this date, the Plaintiff has not responded to Defendants' motion to compel, and the 21-day period during which he may respond to that motion has expired. *See* D.Conn. L. Civ. R. 7(a)2 ("Unless otherwise ordered by the Court, all opposition memoranda shall be filed within twenty-one

(21) days of the filing of the motion . . . ."). Defendants have thus failed to object to the motion or contest the facts as stated in Tallberg's Affidavit. Moreover, the circumstances presented to this Court suggest that an expedited resolution of the motion will favor all parties. If Defendants are afforded the opportunity to depose Plaintiff, such discovery will advance the litigation and enhance the possibility of meaningful settlement negotiations at the scheduled July 7 conference before Magistrate Judge Merriam. Furthermore, the sooner that the Plaintiff receives notice that he must be available to be deposed, the more convenient it will be for him to arrange his schedule to appear.

In resolving this motion, the Court considers the remedies sought by Defendants: an opportunity to depose Plaintiff or a dismissal. Regarding an opportunity to depose Plaintiff, the Defendants are entitled to discovery of all relevant evidence, Fed. R. Civ. P. 26(b)(1). In particular, discovery of the Plaintiff's version of the relevant events will be useful, if not crucial, in defending this action.

With respect to the requested remedy of dismissal, the Plaintiff has an interest in prosecuting his claim, especially where dismissal on the merits is a drastic remedy. The Court thus considers: (1) the six-month period over which Defendants have noticed Plaintiff's deposition in vain; (2) the fact that Plaintiff should be warned and/or receive notice that further delays will result in dismissal; (3) the likely prejudice to Defendants if they are unable to negotiate settlement due to further delays of Plaintiff's deposition; (4) the balance between the need to alleviate congestion on both Magistrate Judge Merriam's and this Court's docket (if Plaintiff continues to avoid being deposed) with Plaintiff's right to due process; and (5) the efficacy of any lesser sanctions than dismissal. *See, e.g., U.S. ex rel. Drake v. Norden Sys., Inc.,* 375 F.3d at 254; *Jackson*, 22 F.3d at 74.

Pursuant to Federal Civil Rule 37 (a), the Court will grant Defendants' motion to compel

Plaintiff's appearance for a deposition before the scheduled July 7 settlement conference. Defendants are entitled to such relevant discovery, which will enable them to make a meaningful decision on settling this case. In so ruling, the Court will provide Plaintiff with notice that this is his final opportunity to appear at his deposition and thereby avoid involuntary dismissal of his case. Absent proof that Plaintiff's prior failures to appear (after having his deposition noticed *three times*) were substantially justified, the Court must and will award payment of reasonable expenses and attorney's fees to Defendants as the movants on this motion to compel Plaintiff's appearance at a deposition.

### III. CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Defendants' Motion for an Order to Compel Plaintiff's Deposition and/or for a Nonsuit or Dismissal [Doc. 33]. Specifically, the Court hereby ORDERS that Plaintiff must appear for the purpose of being deposed by Defendants on or before **June 30, 2017.** Counsel for the parties must confer and determine a mutually acceptable date, time of day, and location for the deposition on or before **June 14, 2017**, after which Defendants must promptly notice Plaintiff's deposition. On the agreed-upon date, Plaintiff is directed to cooperate fully in the taking of his deposition.

If Plaintiff is missing, fails to appear, and/or otherwise refuses to comply with the notice of his deposition without just cause, the Court will **DISMISS** his action pursuant to Federal Rule of Civil Procedure 41(b) on the grounds of failure to prosecute. *See, e.g., Bernabe*, 2007 WL 4573873, at *5. Such a **dismissal will constitute an adjudication on the merits**. In short, **Plaintiff has one final opportunity to appear at his deposition before the Court will order involuntary dismissal of his case.**

Finally, because the Court has granted Defendants' motion to compel discovery, the Court

must, after giving Plaintiff an opportunity to be heard, require him, the party whose conduct necessitated the motion to compel, and/or his attorney, to pay the Defendants' "reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. 37(a)(5)(A). Moreover, pursuant to Federal Civil Rule 37(d)(3), where a party, after being served with proper notice, fails to appear for his own deposition, "the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Therefore, if Defendants are able to demonstrate that they incurred reasonable expenses and attorney's fees due to Plaintiff's failure to appear and/or make himself available for his deposition (*e.g.*, repeatedly noticing and/or arranging his deposition), those amounts may be recoverable in addition to Defendants' expenses and attorney's fees to prepare and file the motion to compel.

At the present time, there are no facts demonstrating that Plaintiff's failure to appear was "substantially justified" where he did not file a motion for a protective order or otherwise object to the notices of deposition. *See* Fed. R. Civ. P. 37(d)(2)-(3). *See, e.g.*, *Kamps v. Fried, Frank, Harris, Shriver & Jacobson L.L.P.*, 274 F.R.D. 115, 117 (S.D.N.Y. 2011) ("The disobedient party has the burden of 'showing that his failure is justified or that special circumstances make an award of expenses unjust.'") (quoting *Novak v. Wolpoff & Abramson LLP*, 536 F.3d 175, 178 (2d Cir. 2008)). He must, therefore, on or before **July 7, 2017**, show cause: (1) why it would be "unjust" for the Court to award reasonable expenses and attorney's fees to Defendants in connection with their motion to compel and Plaintiff's failure to appear; (2) and/or why Plaintiff was "substantially justified" in his repeated failure to appear at, or be available for, his deposition.

Furthermore, the Court clarifies that both Plaintiff and his counsel may be liable to pay any

12

awarded reasonable expenses and attorney's fees regarding Defendants' motion to compel and Plaintiff's failure to appear at his noticed depositions. In order to prove that such an award would be unjust as to Plaintiff's counsel, said counsel must, on or before **July 7, 2017**, submit a sworn declaration describing any efforts he made to comply with Defendants' notices of deposition on his client and any efforts he made to locate his client to appear at said depositions. Specifically, Plaintiff's counsel must show why it would be "unjust" to order him to pay the movant's reasonable expenses in making the motion to compel and/or setting up his client's deposition. Fed. R. Civ. P. 37(d)(3).

In addition, in order to receive an award of reasonable expenses and attorney's fees, Defendants must present contemporaneous time records, describing the names, experience, and expertise of the attorneys, their hourly rates, and the particular services rendered, in compliance with the Second Circuit's articulated requirements in *New York Association for Retarded Children v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983). As the Second Circuit has mandated, these time records "should specify, for each attorney, the date, the hours expended, and the nature of the work done." *Id.* The records must show expenses and attorney's fees in making the motion to compel and in attempting in vain to depose Plaintiff. The deadline for Defendants to submit these records is **July 7, 2017**.

All of the foregoing is SO ORDERED.

Dated: New Haven, Connecticut
      May 31, 2017

                                                */s/Charles S. Haight, Jr.*
                                                CHARLES S. HAIGHT, JR.
                                                Senior United States District Judge